**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Michael Hoga,<br><br>Plaintiff,<br><br>v.<br><br>Shawn Michael Hoga,<br><br>Defendant. | No. CV-18-01119-PHX-JAT<br><br>**ORDER** |

On July 18, 2018, this Court ordered Plaintiff to show cause by July 27, 2018 why this case should not be dismissed for failure to serve. (Doc. 7). Plaintiff did not respond to the Court's show cause order. Further, Plaintiff's mail is being returned as undeliverable. (Doc. 8).

The Court finds Plaintiff's failure to respond to the Court's show cause order and failure to keep his address current to be a failure to prosecute his case. *See* Fed. R. Civ. P. 41(b). Given that the Court cannot contact Plaintiff, the only available remedy is to dismiss Plaintiff's case.

Before dismissing an action for lack of prosecution, the Court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986). Here, factors one and two favor dismissal. Factor two further favors dismissal because it is Plaintiff's

obligation to keep his address current.  *Carey v. King*, 856 F.2d 1439, 1440 -1441 (9th Cir. 1988).  Factor four does not favor dismissal.  Factor three is neutral because Plaintiff appears to be suing himself.  Factor five favors the less drastic sanction of dismissal without prejudice. Having weighed the factors, the Court will dismiss without prejudice.

Therefore,

**IT IS ORDERED** that this case is dismissed, without prejudice, and the Clerk of the Court shall enter judgment accordingly.

Dated this 9th day of August, 2018.

James A. Teilborg
Senior United States District Judge